Singh v. Lynch

BIA
Christensen, IJ
A200 894 256

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

GURDEEP SINGH,
> *Petitioner,*

> v.                                                 14-4677
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Grace Brier, Law Clerk, Dawn S. Conrad, Senior Litigation

Counsel, Jennifer L. Lightbody, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurdeep Singh, a native and citizen of India, seeks review of a November 24, 2014, decision of the BIA affirming a January 3, 3013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurdeep Singh,* No. A200 894 256 (B.I.A. Nov. 24, 2014), *aff'g* No. A200 894 256 (Immig. Ct. N.Y. City Jan. 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks and citation omitted). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies and omissions in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 167.  Omissions are "functionally equivalent" to inconsistencies, and "can serve as a proper basis for an adverse credibility determination."  *Xiu Xia Lin*, 534 F.3d at 166, n.3.  Substantial evidence supports the agency's determination that Singh was not credible.

The agency relied on inconsistencies between Singh's border interview and his credible fear interview, asylum application, and testimony.  In assessing whether the record of a border or credible fear interview is reliable for purposes of an adverse credibility determination, we look to whether the interview was "memorialized in a typewritten document setting forth the questions put to petitioner as well as [his] responses," and whether "the interview was conducted with the

3

aid of a[n] . . . interpreter[,] . . . the interviewing officer explained the purpose of the interview," and the "petitioner was asked questions that were clearly designed to elicit a potential basis for an asylum claim." *Ming Zhang v. Holder*, 585 F.3d 715, 723, 725 (2d Cir. 2009) (internal quotations and citation omitted); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004). The interview records bear these "hallmarks of reliability." *Ming Zhang*, 585 F.3d at 725. The agency properly considered the divergence between Singh's border interview, at which he stated he came to the United States to work and had no fear of persecution in India, and his later accounts that he had been persecuted based on his membership in the Shromani Alkali Dal ("SAD") political party, and feared he would be harmed or killed if he returned to India. Although he had an opportunity to explain this inconsistency, Singh failed to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also considered how an affidavit and medical certificate from Singh's doctor omitted that Singh's leg injuries were so serious that Singh was unable to walk after the February 10, 2010 beating. When Singh was confronted with

4

this omission, Singh stated that this doctor lacked x-ray and other equipment to assess Singh's condition; however, the agency was not compelled to credit this explanation since a doctor could observe a patient's ability to walk without such equipment. *Majidi*, 430 F.3d at 80-81.

The agency also considered the documents Singh submitted to corroborate his testimony; however, a letter from Singh's temple merely stated that Singh was a member of the SAD Party, and a letter from the president of the SAD Party did not mention any of the incidents of persecution. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Although Singh argues that the agency should have given "proper consideration" to a letter from Bhagwan Singh, this letter did not rehabilitate Singh's problematic testimony, as the letter stated that Singh suffered a shoulder injury after the February 2010 beating; this letter did not corroborate Singh's claim that his legs were so badly beaten that he could not walk. *Id.*

In light of the inconsistencies, omissions, and lack of corroboration, the "totality of the circumstances" supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. This finding was sufficient to deny asylum,

5

withholding of removal, and CAT relief, as all three forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk